**IN THE UNITED STATES DISTRICT COURT FOR THE<br>WESTERN DISTRICT OF MISSOURI<br>SOUTHERN DIVISION**

| | | |
|---|---|---|
| CHUBAK OMURALIEV,<br><br>Petitioner,<br>v.<br><br>JASON JOHNSON, in his official capacity as Warden of the Greene County (Missouri) Jail, *et al*.,<br><br>Respondents.[1] | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 26-03569-CV-S-BP |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner has been detained by the Department of Homeland Security ("DHS") even though he (1) had been released on parole and (2) has not violated the conditions of his release. Pending is his Petition for Writ of Habeas Corpus, in which he argues various regulations, statutes, and constitutional provisions require that he be released or, in the alternative, granted a bond hearing. As discussed more fully below, the Court concludes the Petition should be **GRANTED** and Petitioner should be released from custody.

## I. BACKGROUND

Petitioner alleges (and Respondents do not dispute) the following facts. Petitioner is a citizen of Kyrgyzstan who entered the United States in March 2023 and presented himself for inspection. (Doc. 1, ¶¶ 1-2, 25-27.) U.S. Customs and Border Protection determined that he was inadmissible but paroled him into the United States instead of detaining him. (*E.g.*, Doc. 1, ¶¶ 1-2, 28.) He has attended all hearings he has been required to attend, has complied with all other

[1] While Petitioner is being held pursuant to the authority of federal officials, he is in the physical custody of the Warden of the Greene County (Missouri) Jail. The Court substitutes Jason Johnson, the current Sheriff of Greene County, in the place of his predecessor, Jim C. Arnott, as a Respondent. However, through the remainder of this Order, the term "Respondents" refers to the federal officials under whose authority Petitioner's detention has been effectuated and does not include Jason Johnson.

conditions of release, and currently has an asylum application pending. (Doc. 1, ¶¶ 3, 5, 30, 33.) And, while released on parole, he has "established significant ties" in this country, including through employment (which was authorized by U.S. Citizenship and Immigration Services). (Doc. 1, ¶¶ 4, 31.)

In August 2026, Petitioner was pulled over by agents from Immigration and Custom Enforcement and taken into custody; he has been detained ever since. (Doc 1, ¶¶ 6, 35, 38.) There has been no argument or suggestion that he had violated the terms of his release; he has nonetheless been detained and has not been considered for release because the Department of Homeland Security and the Executive Office for Immigration Review now takes the position that Petitioner's detention is mandatory pursuant to 8 U.S.C. § 1225. This prompted Petitioner to seek habeas relief.

The Petition contains four Counts.

| | |
|---|---|
| Count I | Violation of 8 C.F.R. § 212.5(e) and the Due Process Clause, |
| Count II | Violation of the Immigration and Naturalization Act, (the "INA") |
| Count III | Violation of the Due Process Clause, and |
| Count IV | Violation of the Suspension Clause |

Respondents argue that Petitioner is not entitled to relief on any of these claims. The Court resolves the parties' arguments, as necessary, below.

## II. DISCUSSION

The Court finds it is sufficient to focus on Count I, and specifically its reliance on 8 C.F.R. § 212.5, which governs the grant of parole to aliens. Once parole is granted, there are some circumstances in which termination is automatic, *see* 8 C.F.R. § 212.5(e)(1), but Respondents do

not claim any of those circumstances are present here.[2] In all other cases, parole may "be terminated *upon written notice* to the alien and he or she shall be restored to the status that he or she had at the time of parole." *Id.* § 212(e)(2)(i) (emphasis supplied). Without written notice, termination is ineffective. *E.g.*, *L.M. v. Noem*, 2026 WL 1032231, at *9 (D. Nev. Jan. 14, 2026); *Dadfar v. Arnott*, 2025 WL 3452372, at *2-3, 5 (W.D. Mo. Dec. 1, 2025). And, as the statute and regulation specify, parole cannot be revoked unless the Secretary first determines that "the purposes for which parole was authorized" have been accomplished or that "neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States." 8 C.F.R. § 212.5(e)(2)(i); *see also Doe v. U.S. Dep't of Homeland Sec.*, 2026 WL 880442, at *11 (D. Mass. Mar. 31, 2026).

Respondents emphasize that the Secretary has broad discretion to determine whether parole should be terminated and further argue that judicial review of such decisions is not permitted. *See* 8 U.S.C. § 1226(e). But Petitioner is not challenging a discretionary decision about *whether* to grant or revoke parole. Instead, he argues Respondents have not followed the procedure necessary to revoke his parole, so detaining him does not comply with the relevant statute and regulations. And while Respondents challenge the Court's authority to review the Secretary of DHS's decisions, they do not challenge the Court's authority to grant relief if the Secretary of DHS did not make a decision or did not otherwise comply with § 212.5(e)(2)(i). In fact, their response to the Petition does not mention § 212.5 at all.[3]

---

[2] In some instances, an alien's parole is for a set period. Here, however, it appears Petitioner was paroled until his asylum application is fully adjudicated. (Doc. 1-2, p. 9.) Regardless, Respondents have not contended Petitioner's parole expired by its terms.

[3] Respondents point to a different regulation which states that an inadmissible alien's release can be revoked if "the conduct of the alien, *or any other circumstance*, indicates that release would no longer be appropriate." (Doc. 7, p. 10 (quoting 8 C.F.R. § 241.4(l)(2) (emphasis supplied)).) Assuming that § 241 applies, Respondents have not explained what circumstance justifies revocation of Petitioner's parole. More importantly, they do not contend they have complied with the procedures set forth in §§ 212.5 or 241.4.

Respondents do not represent that the Secretary of DHS has made the determination necessary to justify revoking Petitioner's parole. They also do not identify any notice of the determination that was provided in writing to Petitioner. Therefore, Petitioner's parole was not revoked in manner that complies with the INA or its regulations, *e.g.*, *Castillo v. Facility Admin'r. Desert View Annex*, 2026 WL 837149, at *2-3 (C.D. Cal. Mar. 23, 2026); *Kirboga v. LaRose*, 2025 WL 3779426, at *9-10 (S.D. Cal. Dec. 31, 2025); *Dadfar v. Arnott*, 2025 WL 3452372, at *2-3, 5 (W.D. Mo. Dec. 1, 2025); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1144 (D. Or. 2025), and he is entitled to be released.[4]

## III. CONCLUSION

The Petition for Writ of Habeas Corpus is **GRANTED**. Respondents are **ORDERED** to release Petitioner forthwith. Respondents are also **ORDERED** to return any property (including documents) taken from Petitioner to him or to his attorney within seven (7) calendar days.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

**DATE**: September 22, 2026

[4] The Court's decision makes it unnecessary to (1) consider whether 8 U.S.C. § 1225 or § 1226 applies in the event of a proper parole revocation or (2) resolve Petitioner's constitutional arguments (even though some courts addressing the issue have held that the failure to follow § 212.5 violates Due Process).